IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RANDAL A. KNOPP and MARY P. KNOPP,  )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   Case No. 16 C 6669
                                    )
JPMORGAN CHASE BANK & CO.; et al.,  )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

Randal and Mary Knopp (collectively the "Knopps") have filed a pro se Complaint against JPMorgan Chase Bank & Co.,[1] its chief executive officer and its managing director, as well as Freddie Mac (which to this Court's knowledge is a shorthand moniker rather than an actual name) and Chase Home Finance, LLC. With that action having been filed on June 27, 2016, the Knopps have just filed a document entitled "Entry of Judgment of Default" in which they assert that Chase and its affiliated parties were served on July 1 and Freddie Mac was served on July 5. In purported support of the current filing the Knopps have filed Dkt. Nos. 10 through 14, each comprising four pages that include in part (1) the federal courts' standard form of "Summons in a Civil Action" and (2) two pages that evidence the mailing of that summons to one of the five named defendants.[2]

---

[1] This is the way that the Knopps' Complaint has named that bank defendant. For the present this Court will accept that designation, even though it may develop later that the actual corporate name is somewhat different. In any case that defendant will be referred to (just as the Knopps have done) as "Chase" for convenience.

[2] To the same effect, the Knopps have attached to the proposed Entry of Judgment of Default a single page that is captioned "Summons and Service List By US Postal Service" and that lists the five defendants and their respective postal addresses.

Those filings alone are insufficient to support the relief currently sought by the Knopps, for Fed. R. Civ. P. ("Rule") 4(e)(2) sets out the well-known principle that the normal requirement for the service of process is through <u>personal</u> service of a summons and complaint, although Rule 4(b)(1) also permits service in accordance with Illinois state law or the law in the state where service is made. That norm is certainly known to the Knopps, for each of Dkt. Nos. 10 through 14 has as its first page federal form AO440, the Proof of Service of Summons in a Civil Action for any federal case -- and each of those pages has been left totally blank.

Thus the Knopps must provide some added information before their current effort may be considered:[3]

1. Because the Knopps' filing has not specified whether the mailing to each of the defendants included a copy of the Complaint as well as the Summons form (see Rule 4(e)(2)(A)), a statement so indicating must be filed by the Knopps.

2. As to each of the five defendants, the Knopps must supplement their current filing with a showing (including relevant authority) that their mailing to each defendant was legally sufficient to render them subject to this District Court's personal jurisdiction in this action.

---

[3] No ruling is either made or implied here as to whether that effort would be entertained favorably if the Knopps were to fill in the presently missing gaps. Quite apart from the courtesy normally extended by federal litigants rather than seeking to jump in immediately to seek a default if a defendant misses the timetable specified by the Rules, federal courts tend to cut litigants some slack if they provide some reasonable explanation.

This Court will await the Knopps' submission of that added information at their early convenience.

                                                 /s/ Milton I. Shadur
                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: July 28, 2016