## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RANDAL A. KNOPP and MARY P. KNOPP, )
)
        Plaintiffs, )
)
  v. ) Case No. 16 C 6669
)
JPMORGAN CHASE BANK & CO.; et al., )
)
        Defendants. )

## MEMORANDUM ORDER

Because pro se plaintiffs Randal and Mary Knopp (collectively the "Knopps") filed a document toward the end of July that they entitled "Entry of Judgment of Default" and that reported that service had been made on the several defendants named in this action, this Court issued a July 28 sua sponte memorandum order (the "Order") that (1) called the Knopps' attention to the normal requirement of <u>personal</u> <u>service</u> rather than mail service of a summons and complaint and (2) ordered Knopps to make an appropriate showing as to the sufficiency of a mailing (even when done by certified mail) to support a potential entry of default.  In response, on August 1 the Knopps filed a document captioned "Affidavit in Support of Proper Service of a Plaintiffs' Complaint" that began with this representation:

> Plaintiffs filed their Complaint on June 27, 2016.  Plaintiffs asked if information they had received regarding filing by USPS "Certified / Return Receipt" was an acceptable means of service of the Complaint and Summons.  The Clerk's office responded in the affirmative.

But personnel in the Clerk's Office are not lawyers, and they certainly are not in a position to give legal advice.  Indeed, if some unidentified person in the Clerk's Office gave an affirmative answer to whatever question the Knopps had posed, it is entirely possible that the person understood the question as one relating to the service by mail of pleadings or other papers

once a federal case has been launched (something that is of course permitted), <u>not</u> to the service of process that is essential to bring a defendant into a federal case to begin with.

Indeed, if the Knopps had done the responsible thing by doing some research on their own rather than asking someone in the Clerk's Office for legal advice, they would readily have found this provision in Fed. R. Civ. P. ("Rule") 4(h) (emphasis added):

> **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or[1]
>
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process <u>and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendants</u>.

It is painfully obvious that the underscored limited reference to mailing as an adjunct to the requirement of personal service would not have been included if a mailing alone would do the job.

In any event, the Knopps' current affidavit has given an affirmative answer to the first of the two questions posed in the Order (that is, whether their purported service on each defendant included a copy of the Complaint as well as the Summons form). But because the Knopps have

---

[1] [Footnote by this Court] Rule 4(e)(1) calls for personal service unless a state law permits other means (which Illinois law allows in limited and highly specialized situations).

not provided a satisfactory response to the second question posed by this Court, it is repeated here:

> As to each of the five defendants, the Knopps must supplement their current filing with a showing (including relevant authority) that their mailing to each defendant was legally sufficient to render them subject to this District Court's personal jurisdiction in this action.

Pending the Knopps' response, this Court will not entertain any proposed default judgment. Indeed, if no satisfactory response is received from the Knopps on or before August 22,[2] this Court will deny their motion for default (Dkt. No. 15) as to all defendants.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 5, 2016

---

[2] This District Court's LR 5.2(f) calls for a paper copy of every filing (the judge's courtesy copy) to be delivered to this Court's chambers within one workday after it is filed in the Clerk's Office.