# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RANDAL A. KNOPP** and **MARY P. KNOPP**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16 C 6669 |
| ) | |
| **JPMORGAN CHASE BANK & CO.**; et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This Court's August 5, 2016 memorandum order (the "Order," Dkt. No. 19) sought to explain to pro plaintiffs Randal and Mary Knopp (collectively the "Knopps") their error in having relied on the asserted representation by someone in the Clerk's Office that mailing copies of their Complaint and Summons to the several defendants named in this action would be sufficient to bring those defendants into court and compel their filing of responsive pleadings to the Knopps' self-prepared Complaint. Now this Court has received the Judge's Copy of the Knopps' Response that was filed in the Clerk's Office on August 8. This follow-up memorandum order will deal very briefly with the Knopps' continued assertion that mailing rather than personal service was sufficient, but it will conclude by granting the alternate relief sought by the Knopps' Response.

As for the claimed sufficiency of notification by mail, the Knopps are no doubt unaware (understandably, for they are nonlawyers) of the centuries-old requirement that the law has imposed that demands personal service -- not mailing -- to bring a defendant into court. But one need not be either a lawyer or a student of history to understand what the Order quoted from Fed. R. Civ. P. ("Rule") 4(h) and to recognize the obvious thrust of its limited reference to

mailing solely "as an adjunct to the requirement of personal service" in Rule 4(h)(1)(B). So the Knopps' statement of their uninformed belief that their chosen course of conduct did the job is wholly without merit.

But this Court has no desire to dispatch the Knopps' lawsuit on that basis.[1] So although their earlier-filed motion for an entry of default (Dkt. No. 15) is of course denied, this Court will grant their current request that they be allowed an additional period of time to serve process on the defendants in a proper way. Because the 90-day time limit now provided by Rule 4(m) has already expired, this Court will indulge a generous reading of that Rule's requirement that a plaintiff must "[s]how good cause for the failure," and the Knopps are granted until September 7, 2016 to effectuate proper service on each defendant.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 10, 2016

---

[1] It should be emphasized once again that nothing said here either makes or implies any view as to the substantive viability or nonviability of the Knopps' Complaint.