# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **RANDAL A. KNOPP** and **MARY P. KNOPP**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 6669 |
| | ) | |
| **JPMORGAN CHASE BANK & CO.**; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pro se plaintiffs Randal and Mary Knopp (collectively the "Knopps") have just fired off

an indignant opposition to what they characterize as "the outrageous request for a 28 day

protracted grant of extension of time to the defendants to answer or plead to Plaintiffs'

Complaint," a request by corporate co-defendant JPMorgan Chase Bank, N.A. that has been

noticed up for presentment this coming Wednesday, September 21.  As the Knopps should be

well aware,[1] this Court's consistent approach to such misperceptions on the part of parties who

proceed without the benefit of counsel is to find those misperceptions do not call for holding

those parties to the same standards that apply to those regularly engaged in the practice of law.

That however does not translate into allowing departures by such nonlawyers from the

civility that ought to mark the relationships between parties to any litigation.  Although the

Knopps seek to call to their aid a statement contained in the website of the defense counsel who

represent the defendant Bank that speaks of the firm's successful practice in the defense of class

---

[1]  See this Court's August 5 and August 9 memorandum orders cutting the Knopps a good deal of slack in recognition of their nonlawyer status that, perhaps understandably, may have created misunderstandings on their part as to some aspects of the litigation process.

actions, that cannot justify a violent objection by the Knopps to an extension requested on the basis that the member of that law firm who is its primary attorney handling the case is out of the country visiting her family and is not scheduled to return until September 26. It is not for the Knopps (or for this Court) to demand a reassignment of responsibility for handling this case -- remember that the success spoken of in the quoted website is necessarily the product of the orderly management of litigation on the firm's docket. This Court is well aware (as the Knopps, again understandably, are not) of what is necessary to the management of any good law firm's practice,[2] and it finds the Knopps' criticism unwarranted.

Nothing said here should be mistaken as an expression on the merit or lack of merit in the Knopps' lawsuit, as may be exemplified in their current filing's reliance on a 140-year-old United States Supreme Court decision and a 70-year-old California Supreme Court decision. Consideration of the merits will await the responsive pleading to be filed by defense counsel in compliance with his Dkt. No. 30 motion, followed by the rescheduled 9 a.m. October 18 status hearing, previously-scheduled for October 7 (at which time the future course of the litigation will be discussed). In the meantime the Bank's Dkt. No. 30 motion is granted, with neither side required to appear in court on the proposed September 21 presentment date.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 19, 2016

_____
[2]  Before this Court came to the bench a bit over 3-1/2 decades ago, it had spent three decades in the active practice of law with a single law firm, ultimately as its lead partner.  In the latter capacity it learned the accuracy of what has just been stated in the text.